CV 09 0112

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
KAREN MCFADDEN,

        Plaintiff,

    - against-

CLARKESON RESEARCH GROUP,
INC.,

        Defendant.
------------------------------------------------x

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 12 2009 ★
LONG ISLAND OFFICE

**COMPLAINT**

WEXLER, J.
TOMLINSON, M

*Jury Trial Demanded*

Plaintiff, KAREN MCFADDEN ("Plaintiff"), by and through her attorneys, FRANK & ASSOCIATES, P.C., complains and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against CLARKESON RESEARCH GROUP, INC. ("CLARKESON") seeking damages for unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C., §201, *et. seq.* ("FLSA") and the New York State Labor Law, §190, *et. seq.* ("NY Lab. Law 190"). By willfully failing, refusing or neglecting to pay plaintiff overtime pay for hours worked in excess of 40 per week, defendant violated the FLSA and the New York Labor Law. By failing to provide plaintiff with a daily 30-minute meal period, defendant violated New York State Labor Law §162. Thus, plaintiff is entitled to actual and liquidated damages, interest, costs and attorney's fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C., § 1331.

3. This Court has jurisdiction over the state law claims brought herein pursuant to 28 U.S.C. §1367.

4. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in Nassau County within the Eastern District of New York.

## PARTIES

5. Plaintiff is a former employee of defendant CLARKESON.

6. Plaintiff was an "employee" within the meaning of 29 U.S.C. §203(e) (1) and N.Y. Lab. Law §190(2).

7. Plaintiff was a "non-exempt" employee within the meaning of 29 U.S.C. §213(A)(1) and the New York State Labor Law and as such was entitled to overtime pay for all hours she worked in excess of 40 hours per week.

8. Defendant was at all relevant times an "employer" of the plaintiff in an industry affecting commerce within the meaning of 29 U.S.C. §203(d) and N.Y. Lab. Law §190(3).

9. Upon information and belief, at all relevant times, Defendant is and was a domestic business corporation organized and existing pursuant to the laws of the State of New York and is authorized to do business in Nassau County.

10. Defendant has its principal place of business at 19 Townsend Square, Oyster Bay, in the County of Nassau, State of New York.

## STATEMENT OF FACTS

11. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if fully set forth herein.

12. Plaintiff was employed at CLARKESON as an Administrative Assistant from September 2000 through May 9, 2008. Her duties consisted of assisting her supervisor to set up accounts, transfer funds into trade accounts and other administrative duties.

13. Plaintiff regularly worked more than 40 hours per week during her employment.

14. Plaintiff was not paid overtime wages for the hours she worked in excess of 40 hours per week.

15. Plaintiff suffered actual loss of wages as a result of defendant's failure to pay her overtime wages.

16. Plaintiff is entitled to reimbursement of her unpaid overtime wages for the length of her employment with interest and statutory damages.

## FIRST CLAIM FOR RELIEF
(FLSA Violation)

17. Plaintiff repeats and re-alleges each and every allegation set forth above.

18. As an exempt employee, Plaintiff was entitled to receive one and one-half times her regular pay rate for all hours worked in excess of 40 hours per week.

19. Defendant failed to pay Plaintiff overtime wages in violation of 29 USC §207.

20. By reason of the foregoing, Defendant is liable to Plaintiff in the amount of her unpaid overtime wages, plus interest and liquidated damages in the amount of 100% of her unpaid overtime wages, pursuant to 29 USC §216.

## SECOND CLAIM FOR RELIEF
### (New York Labor Law Violation – Failure to Pay Overtime)

21. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if fully set forth herein.

22. Defendant failed, refused and neglected to pay Plaintiff overtime compensation due at a rate of not less than one and one-half times her regular hourly rate for all hours she worked in excess of 40 hours per week, in violation of N.Y. Lab. Law §198.

23. Defendant's failure to pay plaintiff overtime wages due was willful within the meaning of N.Y. Lab. Law §198.

24. Plaintiff suffered damages as a result of defendant's violation of N.Y. Lab. Law §198.

25. Plaintiff is entitled to her unpaid overtime wages plus interest and liquidated damages equal to twenty-five percent (25%) of the total amount of the overtime wages found to be due, plus a reasonable sum for expenses, pursuant to N.Y. LAB. Law §198.

## THIRD CLAIM FOR RELIEF
### (New York Labor Law Violation – Failure to Provide Meal Break)

26. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if fully set forth herein.

27. Plaintiff regularly worked at least eight hours per day during her employment with defendant.

28. Defendant failed to provide plaintiff with a daily 30-minute, uninterrupted meal period, in violation of N.Y. Lab. Law §162.

29. Plaintiff suffered damages as a result of defendant's failure to provide meal breaks.

30. Plaintiff is entitled to recover her unpaid wages, pursuant to N.Y. Lab. Law §162,

resulting from defendant's failure to provide a daily 30-minute meal break during the length of her employment.

## DEMAND FOR JURY TRIAL

31. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint as if fully set forth herein.

32. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an order awarding plaintiff:

    a. unpaid overtime wages due her, plus interest at the statutory rate, retroactively;

    b. unpaid wages resulting from defendant's failure to provide a daily meal breaks;

    c. liquidated damages in an amount equal to plaintiff's unpaid overtime wages pursuant to 29 USC §216;

    d. liquidated damages of 25% of the amount of plaintiff's unpaid overtime wages, pursuant to NY Lab. Law section 198;

    e. reasonable attorneys' fees, court costs and disbursements incurred in this action; and

    f.  such other and further relief as this Court may deem just and proper.

Dated: Farmingdale, New York
       January 5, 2009

 

FRANK & ASSOCIATES, P.C.

*[signature]*

By: Patricia M. Pastor (PP-6392)
*Attorneys for Plaintiff*
500 Bi-County Blvd, Suite 112N
Farmingdale, NY 11735
(631) 756-0400